UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.                            § | **Case No. EP:18-CR-3197-DCG-1** |
| § | |
| **GERARD GLENN POZZERLE** § | |

## ORDER

Before the Court is *pro se* Defendant Gerard Glenn Pozzerle's "Motion for Appointment of Counsel Before Filing § 2255 Petition" (ECF No. 75), and "Amendment to Motion for Appointment of Counsel" (ECF No. 76), in which he requests the Court to appoint counsel to help him prepare a petition under 28 U.S.C. § 2255. After due consideration, the Court **DENIES** Defendant's request **WITHOUT PREJUDICE.**

The Sixth Amendment right to counsel does not extend to post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Yet courts may appoint counsel to "any financially eligible person" seeking relief under § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The interests-of-justice standard "contemplates a peculiarly context-specific inquiry," *Martel v. Clair*, 565 U.S. 648, 663 (2012), by which courts consider "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors," *United States v. Augustin*, 16 F.4th 227, 234 (6th Cir. 2021) (citing *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021)).

Even if Defendant is financially eligible under § 3006A, the interests of justice do not require appointment of counsel at this time. To begin, Defendant has yet to file any petition seeking relief under § 2255. Thus, the Court cannot yet evaluate the complexity of the case, its factual complexity, or Defendant's ability to investigate and present any potential claims.

To be sure, in his motions and his notice of intent to file a § 2255 petition, Defendant outlines a "high-level summary" of the claims he intends to raise. *See* ECF Nos. 71, 75–76. For example, Defendant plans to challenge the original criminal complaint, the superseding indictment, the execution of a search warrant on forensic searches, and his guilty plea based on his mental health and alleged coercion, as well as to assert a claim for ineffective assistance of counsel. *See id.* Defendant also describes unsuccessful efforts to obtain records and evidence to support a future § 2255 petition. *See* ECF No. 75. But as Defendant offers only a high-level summary of his intended claims and, at this stage, nothing more than speculative allegations, the Court finds no basis to conclude that the interests of justice require appointing counsel.

Worse still, it appears the one-year limitations period for Defendant to file a § 2255 petition has already expired. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Indeed, as none of Defendant's intended claims suggest a different start date, the one-year limitations period likely began running here on "the date on which the judgment of conviction bec[ame] final." *Id.* § 2255(f)(1); *see also id.* § 2255(f)(2)–(4) (providing for later start dates in limited circumstances, such as governmental interference, newly discovered facts, or a newly recognized right made retroactive). And as Defendant did not appeal his December 9, 2020 conviction, his conviction became final "for purposes of § 2255 upon expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

**SIGNED AND ENTERED** on October 16, 2025.

_____
ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE